**Myson Pagarigan ALMENDRAS; Andrew Pagarigan Almendras, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74831.**

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided

**672**

Submitted Feb. 15, 2011.\*

Filed Feb. 28, 2011.

Katherine L. Curtis, Nancy E. Miller, Law Offices of Reeves & Associates, Pasadena, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, James A. Hunolt, OIL, Brianne Whelan Cohen, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

### MEMORANDUM \*\*

Myson Pagarigan Almendras and Andrew Pagarigan Almendras, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and de novo claims of due process violations in removal proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

Petitioners do not challenge the agency's finding that they failed to establish past persecution. Substantial evidence supports the agency's finding that petitioners failed to demonstrate a well-founded fear of future persecution on account of their father's intelligence work in the Philippines twenty years ago. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured if returned to the Philippines. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

Finally, contrary to petitioners' contention that they were prejudiced because of a faulty transcript, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar*, 210 F.3d at 971 (citation omitted). Moreover, petitioners failed to demonstrate that re-transcribing would have affected the outcome of the proceedings. *See id.* at 971–72 (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

by Ninth Circuit Rule 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.